NICHOLAS & BUTLER, LLP
CRAIG M. NICHOLAS (178444)
ALEX M. TOMASEVIC (245598)
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone: 619/325-0492
619/325-0496 (fax)
cnicholas@nblaw.org
atomasevic@nblaw.org

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FILED

VIA FAX

| | |
|---|---|
| YANIV DVORA, On Behalf of Himself, All Others Similarly Situated and the General Public,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MILLS, INC.,<br><br>Defendant. | No. CV11 1074 GW PLAx<br><br>CLASS ACTION<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. VIOLATIONS OF CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE §1750, *ET SEQ.*;<br>2. VIOLATION OF THE UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE §17200, *ET SEQ.*; and<br>3. BREACH OF EXPRESS WARRANTY<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

1    Plaintiff Yaniv Dvora ("plaintiff"), by and through his attorneys, brings this action on

2    behalf of himself, all others similarly situated and the general public against defendant General

3    Mills, Inc. ("General Mills").   Plaintiff alleges, on information and belief, except for

4    information based on personal knowledge, as follows:

5    **NATURE OF THE ACTION**

6    1.    General Mills manufactures, markets, and sells numerous food brands,

7    including "Total Blueberry Pomegranate" cereal.   Through its advertising and labeling,

8    General Mills claims that "Total Blueberry Pomegranate" cereal contains:

9    • **Pomegranate;**

10    • **Blueberry**

11    General Mills claims in its advertising and labeling that because "Total Blueberry

12    Pomegranate" cereal contains both Pomegranate and Blueberry it contains natural

13    antioxidants, vitamins C and E.  Specifically, General Mills website states:

14
15
16    Jump start your day with an exciting new blend of crispy whole grain flakes and crunchy blueberry and pomegranate flavored clusters. You'll get 100% of the Daily Value of 12 essential vitamins and minerals, including the antioxidant vitamins C and E. Give yourself a leg up with delicious taste that packs a nutrient punch.

17    Furthermore, the box label contains the words Blueberry and Pomegranate in a bold

18    and large font.   Additionally, the box label contains the words 100% and Nutrition

19    suggesting to the plaintiff and other similarly situated customers that the cereal does in fact

20    contain blueberry and pomegranate.  Nowhere on the label does General Mills indicate that

21    the cereal does not contain Blueberry or Pomegranate. In fact, General Mills "Total

22    Blueberry Pomegranate" cereal contains no Pomegranate or Blueberry.  Rather, it contains

23    various artificial flavors and food colorings Blue #1 and Red #40.   General Mills'

24    representations are false, misleading and reasonably likely to deceive the public.

25    2.    Through this advertising, General Mills has conveyed one message: "Total

26    Blueberry Pomegranate" cereal contains actual blueberries and pomegranate.  Attached as

27    **Exhibit A** is a collection of some of the advertisements and labeling containing the uniform

28    false and deceptive statements.

3.     General Mills' advertising and marketing campaign is designed to cause consumers to buy "Total Blueberry Pomegranate" cereal as a result of this deceptive message, and General Mills has succeeded.  The purported Pomegranate/Blueberry cereal is nothing more than a mixture of various chemicals and food colorings.

4.     Plaintiff brings this action on behalf of himself and other similarly situated consumers in the United States to halt the dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and obtain redress for those who have purchased "Total Blueberry Pomegranate" cereal.   Plaintiff alleges violations of the California Consumers Legal Remedies Act, California's Unfair Competition Law, and breach of the express warranty created by its advertising, including its labeling.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2).  The matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which members of the Class of plaintiffs are citizens of states different from General Mills.  Further, greater than two-thirds of the Class members reside in states other than the state in which General Mills is a citizen.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that many of the acts and transactions giving rise to this action occurred in this district and because defendant:

(a)     is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district through the promotion, marketing, distribution and sale of its products in this district;

(b)     does substantial business in this district; and

(c)     is subject to personal jurisdiction in this district.

## PARTIES

7.     At all times relevant to this matter, plaintiff resided and continues to reside in the Los Angeles County California.  During the Class period, and in this District, plaintiff was exposed to and saw General Mills' claims by reading the "Total Blueberry

1    Pomegranate" cereal label, purchased "Total Blueberry Pomegranate" cereal in reliance on

2    these claims, and suffered injury in fact and lost money as a result of the unfair competition

3    described herein.

4        8.    Defendant General Mills is a global company headquartered in Minneapolis,

5    Minnesota with operations in over 30 countries.  General Mills designs, manufactures,

6    markets and sells a variety of foods.  In 2010, General Mills spent over $900 million dollars

7    on advertising, and had sales exceeding $14.7 billion.

8                            **FACTUAL ALLEGATIONS**

9        9.    In 1961, General Mills launched the Total brand of cereal.  According to

10   General Mills, it was the first cereal in the United States to contain 100 percent of the U.S.

11   government's minimum daily requirement for eight vitamins.  In or about 2009, on the

12   storied heels of its success with Total brand cereals, General Mills launched "Total

13   Blueberry Pomegranate" cereal.  General Mills has consistently conveyed the message that

14   Total cereal is a healthy cereal.  Thus by launching a new flavor, "Total Blueberry

15   Pomegranate" cereal, General Mills was attempting to tap into the current health conscious

16   messages which repeatedly suggest that antioxidants rich foods such as blueberries and

17   pomegranates should be included in your daily diet.  By creating "Total Blueberry

18   Pomegranate" cereal plaintiff, and consumers alike, were led to believe that the already

19   widely known health conscious cereal had now included blueberry and pomegranate.

20   General Mills' representations are false, misleading and reasonably likely to deceive the

21   public.

22       10.   On its packaging and labeling General Mills states that "Total Blueberry

23   Pomegranate" cereal contains antioxidants suggesting that the cereal contains the widely

24   known antioxidant foods Pomegranate and Blueberry.  The words "Blueberry" and

25   "Pomegranate" are displayed boldly and in large font on the box cover.  Nowhere does

26   General Mills indicate or state that the subject cereal does not contain any pomegranate or

27   blueberry, but rather a mix of various artificial flavors and food colorings to resemble the

28   actual fruit.

11.     General Mills 2010 Corporate Social Responsibility Report states that "Recent consumer research has shown that more and more consumers prefer products that include ingredients that are readily recognizable and natural."   In response to this General Mills purportedly has made great strides to make product labels "shorter and easier to read." Despite this acknowledgment and alleged internal effort, General Mills has placed the words "Blueberry" and "Pomegranate" predominantly on the box of their cereal yet no such fruit exists within the ingredients.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this lawsuit on behalf of himself and the proposed Class members under Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure.  The proposed Class consists of:

> All persons who purchased General Mills' "Total Blueberry Pomegranate" cereal until the date notice is disseminated.  Excluded from the Class are defendant's officers, directors and employees and those who purchased General Mills' "Total Blueberry Pomegranate" cereal for the purpose of resale.

13.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.  Specifically excluded from the proposed Class are the defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint-venturers, or entities controlled by the defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with the defendant and/or its officers and/or directors, or any of them; the Judge assigned to this action, and any member of the Judge's immediate family.

14.     *Numerosity*.  The members of the Class are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that the proposed Class contains many thousands of members.   The precise number of Class members is unknown to plaintiff.  The true number of Class members is known by the

1  defendant, however, and thus, may be notified of the pendency of this action by first class

2  mail, electronic mail, and by published notice.

3      15.    ***Existence and Predominance of Common Questions of Law and Fact***.

4  Common questions of law and fact exist as to all members of the Class and predominate over

5  any questions affecting only individual Class members.  These common legal and factual

6  questions include, but are not limited to, the following:

7          (a)    whether General Mills had adequate substantiation for its claims prior to

8  making them;

9          (b)    whether the claims discussed above are true, or are misleading, or

10  reasonably likely to deceive;

11          (c)    whether General Mills alleged conduct violates public policy;

12          (d)    whether the alleged conduct constitutes violations of the laws asserted

13  herein;

14          (e)    whether General Mills engaged in false or misleading advertising;

15          (f)    whether plaintiff and Class members have sustained monetary loss and

16  the proper measure of that loss;

17          (g)    whether plaintiff and Class members are entitled to an award of

18  disgorgement of General Mills' profits;

19          (h)    whether plaintiff and Class members are entitled to declaratory and

20  injunctive relief.

21      16.    ***Typicality***.  Plaintiff's claims are typical of the claims of the members of the

22  Class in that the defendant was unjustly enriched as a result of plaintiff's and the Class'

23  respective purchases of General Mills' "Total Blueberry Pomegranate" cereal.

24      17.    ***Adequacy of Representation***.  Plaintiff will fairly and adequately protect the

25  interests of the members of the Class.  Plaintiff has retained counsel highly experienced in

26  complex consumer class action litigation, and plaintiff intends to prosecute this action

27  vigorously.  Plaintiff has no adverse or antagonistic interests to those of the Class.

28

18.     ***Superiority***. A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant. It would thus be virtually impossible for the Class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

19.     In the alternative, the Class may also be certified because:

(a)     the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudication with respect to individual Class members that would establish incompatible standards of conduct for the defendant;

(b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

20.     Unless stated otherwise, the claims asserted herein are applicable to all persons who purchased General Mills' "Total Pomegranate Blueberry Cereal".

21.     Adequate notice can be given to Class members directly using information maintained in defendant's records or through notice by publication.

22.     Damages may be calculated, in part, from the sales information maintained in defendant's records, so that the cost of administering a recovery for the Class can be minimized.   However, the precise amount of damages available to plaintiff and the other members of the Class is not a barrier to class certification.

23.     Plaintiff seeks a constructive trust, and preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class, to enjoin and prevent defendant from engaging in the acts described, and requiring defendants to provide full restitution to plaintiff and Class members.

24.     Unless a class is certified, defendant will retain monies received as a result of its conduct that was taken from plaintiff and proposed Class members.   Unless a class-wide injunction is issued, defendant will continue to commit the violations alleged, and the members of the Class and the general public will continue to be misled.

25.     General Mills has acted and refused to act on grounds generally applicable to the Class, making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT I

**For Violations of the Consumers Legal Remedies Act – Civil Code §1750 *et seq*. On Behalf of Plaintiff and the Class**

26.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

27.     This cause of action is brought pursuant to the California Consumers Legal Remedies Act, California Civil Code §1750, *et seq.* (the "Act").   Plaintiff is a consumer as defined by Civil Code §1761(d).   General Mills' "Total Blueberry Pomegranate" cereal is a good within the meaning of the Act.

28.     General Mills violated and continues to violate the Act by engaging in the following practices proscribed by §1770(a) of the Act in transactions with plaintiff and the Class which were intended to result in, and did result in, the sale of the General Mills' "Total Blueberry Pomegranate" cereal:

1        (a)     Representing General Mills' "Total Blueberry Pomegranate" cereal has

2  characteristics which it does not have, namely blueberries and pomegranates.

3        (b)     Representing that General Mills' "Total Blueberry Pomegranate" cereal

4  is of a particular standard, quality or grade when in fact it is of another.

5        (c)     Advertising General Mills' "Total Blueberry Pomegranate" cereal as a

6  cereal which contains pomegranates and blueberries with the intent not to sell them with such

7  ingredients.

8        (d)     Representing that General Mills' "Total Blueberry Pomegranate" cereal

9  contained various ingredients when it does not.

10       29.     General Mills violated the Act by representing through its advertisements that

11  General Mills' "Total Blueberry Pomegranate" cereal as described above when it knew, or

12  should have known, that the representations and advertisements were unsubstantiated, false

13  and misleading.

14       30.     Pursuant to §1782 of the Act, plaintiff Dvora notified General Mills in writing

15  by certified mail of the particular violations of §1770 of the Act and demanded that General

16  Mills rectify the problems associated with the actions detailed above and give notice to all

17  affected consumers of its intent to so act.  A copy of the letter is attached hereto as **Exhibit**

18  **B**.

19       31.     Pursuant to §1782(d) of the Act, plaintiff and the Class seek a Court order

20  enjoining the above-described wrongful acts and practices of General Mills and for

21  restitution and disgorgement.

22       32.     If General Mills fails to rectify or agree to rectify the problems associated

23  with the actions detailed above and give notice to all affected consumers within 30 days of

24  the date of written notice pursuant to §1782 of the Act, plaintiff will amend this Complaint

25  to add claims for actual, punitive and statutory damages, as appropriate.

26       33.     General Mills' conduct is malicious, fraudulent and wanton, and provides

27  misleading information.

28

34.     Pursuant to §1780(d) of the Act, attached hereto as **Exhibit C** is the affidavit showing that this action has been commenced in the proper forum.

### COUNT II

**Unlawful Business Acts and Practices in Violation of
California Business & Professions Code Section 17200, *et
seq*., On Behalf of Plaintiff, the General Public and the Class**

35.     Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

36.     Business & Professions Code §17200 prohibits any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." For the reasons discussed above, General Mills has violated each of these provisions of Business & Professions Code §17200.

37.     General Mills has violated §17200's prohibition against engaging in unlawful acts and practices by, *inter alia*, making the representations and omissions of material facts, as set forth more fully herein, and violating Civil Code §§1572, 1573, 1709, 1710, 1711, 1770, Business & Professions Code §17200 *et seq.*, Health & Safety Code §110765, 21 U.S.C. §343, by misbranding food, General Mills' "Total Blueberry Pomegranate" cereal, in violation of federal law, and by violating the common law.

38.     Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

39.     General Mills' acts, omissions, misrepresentations, practices and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Business & Professions Code §17200 *et seq.* in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

40.     As stated in this Complaint, plaintiff alleges violations of consumer protection, unfair competition and truth in advertising laws in California and other states resulting in harm to consumers. Plaintiff asserts violations of the public policy of engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers.     This conduct constitutes violations of the unfair prong of Business & Professions Code §17200 *et seq.*

41.     There were reasonably available alternatives to further General Mills' legitimate business interests, other than the conduct described herein.

42.     General Mills' claims, nondisclosures and misleading statements, as more fully set forth above, were also false, misleading and/or likely to deceive the consuming public within the meaning of Business & Professions Code §17200.

43.     General Mills' labeling, website and other advertisements, as described herein, also constitute unfair, deceptive, untrue and misleading advertising.

44.     General Mills' conduct caused and continues to cause substantial injury to plaintiff and the other Class members. Plaintiff has suffered injury in fact and has lost money as a result of Procter & Gamble's unfair conduct.

45.     General Mills has thus engaged in unlawful, unfair and fraudulent business acts and practices and false advertising, entitling plaintiff to judgment and equitable relief against defendants, as set forth in the Prayer for Relief.

46.     Additionally, pursuant to Business & Professions Code §17203, plaintiff seeks an order requiring General Mills to immediately cease such acts of unlawful, unfair and fraudulent business practices and requiring General Mills to engage in a corrective advertising campaign.

1

## COUNT III

2

### Breach of Express Warranty
### On Behalf of Plaintiff and the Class

3

4      47.     Plaintiff re-alleges and incorporates by reference the allegations contained in

5      the paragraphs above as if fully set forth herein.

6      48.     Plaintiff, and each member of the Class, formed a contract with defendants at

7      the time plaintiff and the other members of the Class purchased General Mills' "Total

8      Pomegranate Blueberry Cereal."   The terms of that contract include the promises and

9      affirmations of fact made by General Mills on its "Total Blueberry Pomegranate" cereal

10     product labels and through its marketing campaign, as described above.   This product

11     labeling and advertising constitutes express warranties, became part of the basis of the

12     bargain, and is part of a standardized contract between plaintiff and the members of the Class

13     on the one hand, and General Mills on the other.

14     49.     All conditions precedent to General Mills' liability under this contract has

15     been performed by plaintiff and the Class.

16     50.     General Mills breached the terms of this contract, including the express

17     warranties, with plaintiff and the Class by not providing the "Total Blueberry Pomegranate"

18     cereal product which could provide the benefits described above.

19     51.   As a result of General Mills breach of its contract, plaintiff and the Class have

20     been damaged in the amount of the purchase price of the "Total Pomegranate Blueberry

21     Cereal" they purchased.

22                              **PRAYER FOR RELIEF**

23     Wherefore, plaintiff prays for a judgment:

24     A.     Certifying the Class as requested herein;

25     B.     Awarding plaintiff and the proposed Class members damages pursuant to Count

26     III;

27

28

1    C.    Awarding restitution and disgorgement of General Mills' revenues to plaintiff

2    and the proposed Class members;

3    D.    Awarding declaratory and injunctive relief as permitted by law or equity,

4    including: enjoining defendants from continuing the unlawful practices as set forth herein, and

5    directing defendants to identify, with Court supervision, victims of its conduct and pay them

6    restitution and disgorgement of all monies acquired by defendants by means of any act or

7    practice declared by this Court to be wrongful;

8    E.    Ordering General Mills to engage in a corrective advertising campaign;

9    F.    Awarding attorneys' fees and costs; and

10    G.    Providing such further relief as may be just and proper.

11                                **JURY DEMAND**

12    Plaintiff demands a trial by jury on all issues so triable.

13

Dated: February 3, 2010

14                                       Craig M. Nicholas

15                                       NICHOLAS & BUTLER, LLP
16                                       CRAIG M. NICHOLAS (178444)
                                         ALEX M. TOMASEVIC (245598)
17                                       225 Broadway, 19th Floor
                                         San Diego, CA 92101
18                                       Telephone: 619/325-0492
                                         619/325-0496 (fax)
19                                       cnicholas@nblaw.org
                                         atomasevic@nblaw.org
20

21                                       Attorneys for Plaintiff

22

23

24

25

26

27

28

                                           12
                                        COMPLAINT

# EXHIBIT "A"

# Total

HOME | FLAVORS | 100% NUTRITION | COMPARE TOTAL® | TOTAL® TV |

OMEGA-3s



## Total® Blueberry Pomegranate

Jump start your day with an exciting new blend of crispy whole grain flakes and crunchy blueberry and pomegranate flavored clusters. You'll get 100% of the Daily Value of 12 essential vitamins and minerals, including the antioxidant vitamins C and E. Give yourself a leg up with delicious taste that packs a nutrient punch.

**NUTRITION INFORMATION**



  

**TOTAL® IS A PROUD SPONSOR OF**

bond

FIND US ON FACEBOOK

NOW WITH OMEGA-3s

TOTAL NUTRITION
TOTAL VALUE
**$1 OFF**

Terms of Use | Privacy Policy | Contact Us | © 2011 General Mills

*Total® cereal has 100% of the Daily Value of at least 11 vitamins and minerals
Total Plus Omega-3s contains 160 mg ALA per serving from ground flax, which is 10% of the Daily Value of ALA (1.6g)




# NEW!

## General Mills
### Whole Grain

# Total

### 100%
### Nutrition

## BLUEBERRY POMEGRANATE

**Naturally and Artificially Flavored**
**Crispy Whole Grain Flakes and Crunchy Fruit Flavored Clusters**



**·100· Daily Value of 12 Vitamins & Minerals**

**SAMPLE - NOT FOR RESALE**

# EXHIBIT "B"

 **NICHOLAS & BUTLER, LLP**

225 BROADWAY, 19ᵀᴴ FLOOR • SAN DIEGO, CA 92101 • TEL: (619) 325-0492 • FAX: (619) 325-0496

February 3, 2011

**Sent Via Certified Mail**

Ken Powell
Chairman and Chief Executive Officer
General Mills, Inc.
P.O. Box 9452
Minneapolis, MN 55440

     Re:   *Yaniv Dvora v. General Mills*

Dear Mr. Powell:

We represent Yaniv Dvora and all other consumers similarly situated in an action against General Mills, arising out of, inter alia, misrepresentations, either express or implied, by General Mills to consumers that "Total Blueberry Pomegranate" cereal actually contains pomegranate and blueberry.

Mr. Dvora and others similarly situated purchased the cereal unaware of the fact that General Mills' representations were not substantiated. General Mills' "Total Blueberry Pomegranate" cereal labeling and advertisements directly and impliedly suggest that the cereal contains actual blueberries and pomegranates.

These representations are false and misleading and constitute unfair methods of competition and unlawful, unfair and fraudulent acts or practices, undertaken by General Mills with the intent to result in the sale of "Total Blueberry Pomegranate" cereal to the consuming public. In fact, these representations do not assist consumers; they simply mislead them.

This practice constitutes a violation of the California Civil Code Section 1770(a) under, inter alia, the following subdivisions:

        (a)     Representing General Mills' "Total Blueberry Pomegranate" cereal has characteristics which it does not have, namely blueberries and pomegranates.

        (b)     Representing that General Mills' "Total Blueberry Pomegranate" cereal is of a particular standard, quality or grade when in fact it is of another.

Ken Powell
February 3, 2011
Re: General Mills
Page 2

_____

(c)     Advertising General Mills' "Total Blueberry Pomegranate" cereal as a cereal which contains pomegranates and blueberries with the intent not to sell them with such ingredients.

California Civil Code Section 1770(a)(5)-(16).

General Mills' claims also constitute violations of California Business and Professions Code Section 17200, and a breach of the express warranties.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code Section 1782, we hereby demand on behalf of our client and all others similarly situated in the United States that General Mills immediately correct and rectify this violation of California Civil Code Section 1770 by ceasing the misleading marketing campaign and ceasing the dissemination of false and misleading information as described in the enclosed Complaint. In addition, General Mills should offer to refund the purchase price to all consumer purchasers of these products, plus reimbursement for interest, costs and fees.

Plaintiff will, after 30 days from the date of this letter, amend the Complaint without leave of Court, as permitted by California Civil Code Section 1782, to include claims for actual and punitive damages (as may be appropriate) if a full and adequate response to this letter is not received. These damage claims would also include claims under already asserted theories of unlawful business acts and practices, unfair and fraudulent business acts and practices, false and deceptive advertising, as well as the claims under the Consumer Legal Remedies Act. Thus, to avoid further litigation, it is in the interest of all parties concerned that General Mills address this problem immediately.

General Mills must undertake all of the following actions to satisfy the requirements of California Civil Code Section 1782(c):

1. Identify or make a reasonable attempt to identify purchasers of the subject products who reside in the United States;

2. Notify all such purchasers so identified that upon their request, General Mills will offer an appropriate correction, replacement, or other remedy for its wrongful conduct, which can include a full refund of the purchase price paid for such products, plus interest, costs and fees;

3. Undertake (or promise to undertake within reasonable time if it cannot be done immediately) the actions described above for all purchasers who so request; and

Ken Powell
February 3, 2011
Re: General Mills
Page 3
_____

    4.  Cease from expressly or impliedly representing to consumers that these products contain blueberry and pomegranate when they do not, as more fully described in the attached Complaint.

We await your response.

Sincerely,

Craig Nicholas

Enclosures

# EXHIBIT "C"

NICHOLAS & BUTLER, LLP
CRAIG M. NICHOLAS (178444)
ALEX M. TOMASEVIC (245598)
225 Broadway, 19th Floor
San Diego, CA 92101
Telephone: 619/325-0492
619/325-0496 (fax)
cnicholas@nblaw.org
atomasevic@nblaw.org

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Yaniv Dvora, On Behalf of Himself, All Others Similarly Situated and the General Public, | No.: |
| | **CLASS ACTION** |
| Plaintiff, | AFFIDAVIT OF CRAIG NICHOLAS PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d) |
| v. | |
| GENERAL MILLS, INC., | |
| Defendant. | |

I, Craig Nicholas, declare as follows:

1.     I am an attorney duly licensed to practice before all of the courts of the State of California. I am a member of the law firm of Nicholas & Butler, LLP, counsel of record for plaintiff in the above entitled matter.

/ / /

/ / /

/ / /

/ / /

/ / /

AFFIDAVIT OF CRAIG NICHOLAS

1      2.      Defendant General Mills, Inc., is a Delaware Corporation. General Mills Inc.,

2    has done and is doing business in Los Angeles County.  Such business includes the marketing

3    and sale of "Total Blueberry Pomegranate" cereal. Furthermore, plaintiff Yaniv Dvora

4    purchased "Total Blueberry Pomegranate" cereal in Los Angeles County.

5         I declare under penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct.  Executed this 3rd day of February, 2011, at San Diego,

7    California.

8

9

10                                        Craig M. Nicholas

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

AFFIDAVIT OF CRAIG NICHOLAS